JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ANGELA HILEM

**DEFENDANTS**

NEXTFAB STUDIO, LLC

**(b)** County of Residence of First Listed Plaintiff  California
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia Cty
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SIDNEY L. GOLD, ESQUIRE/ SIDNEY L. GOLD & ASSOC., P.C.
1835 MARKET ST., STE 515, PHILA., PA 19103
TELEPHONE (215) 569-1999  sgold@discrimlaw.net

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- X 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | X 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | x 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- x 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000 9 (e) et seq. (Title VII)

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 150,000 in excess

CHECK YES only if demanded in complaint:
**JURY DEMAND:** x Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions.)*

JUDGE _____  DOCKET NUMBER _____

DATE
November 15, 2016

SIGNATURE OF ATTORNEY OF RECORD
/s/Sidney L. Gold, Esquire  X

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   8 10ᵗʰ Street, Apartment #1011, San Franscico, CA 94103

Address of Defendant: 2025 Washington Avenue, Philadelphia, PA 19146

Place of Accident, Incident or Transaction: 2025 Washington Avenue, Philadelphia, PA 19146

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No **X**

Does this case involve multidistrict litigation possibilities?     Yes☐   No **X**

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes☐   No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes☐   No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes☐   No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes☐   No **X**

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

### ARBITRATION CERTIFICATION

Sidney L. Gold, Esquire     *(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

   **X** Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

   **X** Relief other than monetary damages is sought.

DATE: _November 15, 2016_          /s/Sidney L. Gold, Esquire          21374

                                         Attorney-at-Law                         Attorney I.D.#

   **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _November 15, 2016_          /s/ Sidney L. Gold, Esquire          21374

                                         Attorney-at-Law                         Attorney I.D.#

CIV. 609 (5/2012)

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:__8 10th Street, Apartment #1011, San Franscico, CA 94103__

Address of Defendant:_2025 Washington Avenue, Philadelphia, PA 19146_

Place of Accident, Incident or Transaction:_2025 Washington Avenue, Philadelphia, PA 19146_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No X

Does this case involve multidistrict litigation possibilities?          Yes☐   No X

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, **Sidney L. Gold, Esquire**, counsel of record do hereby certify:

X  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X  Relief other than monetary damages is sought.

DATE: _November 15, 2016_          /s/Sidney L. Gold, Esquire          21374

Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _November 15, 2016_          /s/ Sidney L. Gold, Esquire          21374

Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Angela Hilem | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Nextfab Studio, LLC | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (X )

| | | |
|---|---|---|
| November 15, 2016 | | /s/Sidney L. Gold, Esquire |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215.569.1999 | 215.569.3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELA HILEM,** | : | **CIVIL ACTION NO.:** |
| | : | |
| *Plaintiff,* | : | |
| **v.** | : | |
| | : | |
| **NEXTFAB STUDIO, LLC,** | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

## COMPLAINT AND JURY DEMAND

## I.   PRELIMINARY STATEMENT

1.     This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Angela Hilem ("Plaintiff Hilem"), a former employee of Defendant, NextFab Studio, LLC ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory actions, ultimately resulting in the termination of her employment.

2.     This action is brought under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

## II.   JURISDICTION AND VENUE

3.     The original jurisdiction of this Court is invoked pursuant to 28 U.S.C.

§1331 and the claims are substantively based on Title VII. The supplemental jurisdiction

of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Hilem's claims

arising under the PHRA.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a

substantial part of the events or omissions giving rise to Plaintiff Hilem's claims occurred

in this judicial district.

5.     All conditions precedent to the institution of this suit have been fulfilled.

On August 18, 2016, a Notice of Right to Sue was issued by the United States Equal

Employment Opportunity Commission ("EEOC"), and this action has been filed within

ninety (90) days of receipt of said notices.

6.     Plaintiff Hilem has satisfied all other jurisdictional prerequisites to the

maintenance of this action.

## III.   PARTIES

7.     Plaintiff, Angela Hilem ("Plaintiff Hilem"), is a thirty-two (32)

year old female citizen of the State of California, 8 10th St., Apartment #1011

San Francisco, CA 94103.

8.      Defendant, NextFab Studio, LLC ("Defendant"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 2025 Washington Avenue, Philadelphia, Pennsylvania 19146.

9.      At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10.     At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII and the PHRA and has been, and is, subject to the provisions of each said Act.

## III.   STATEMENT OF FACTS

11.     Plaintiff Hilem was employed by the Defendant from on or about May 10, 2014 until on or about February 12, 2015, the date of her unlawful termination.

12.     During the course of her employment with the Defendant, Plaintiff Hilem held the position of Marketing and Communications Specialist, and at all times maintained an excellent job performance rating in said capacity.

13.     By way of example, during her employment with the Defendant, Plaintiff Hilem significantly expanded Defendant's marketing and social media presence, resulting in the enrollment of a substantial amount of new members.  Specifically, Plaintiff Hilem created and optimized content for Defendant's social channels, printed materials for

-3-

physical material campaigns, monitored growth and engagement for month over month gains, managed a social advertising budget and spending recommendations, and planned, developed, and executed cross-channel engagement campaigns.

14.     By way of background, Plaintiff Hilem is a highly motivated and accomplished individual in the field of marketing.  Plaintiff Hilem began her career as a real estate agent in the Philadelphia area, during which time she assisted residential and commercial buyers in finding ideal properties to suit their needs.  In or about November of 2013, Plaintiff Hilem accepted the position of Business Development and Customer Accounts with ShareMySpace, Inc., where she created a business development strategy, managed a team to optimize efficiencies, utilized software to fulfill various business related tasks, and optimized and managed the company's social media presence.  Further, Plaintiff Hilem held a side position as a Freelance Contributor to Technical.ly Philly, a technology news source, where she wrote articles relating to technological developments and attended technology centered events.

15.     Prior to her employment with the Defendant, Plaintiff Hilem participated in a pre-employment interview with Alan Mathason ("Mathason"), Chief Operating Officer, and Evan Malone ("Malone"), President.  During said interview, Mathason and Malone asked Plaintiff Hilem if she had "any responsibilities outside of the workplace that may take time away from her work."  When Plaintiff Hilem asked if Mathason and Malone were referring to her familial status, they answered in the affirmative.

-4-

16.     Despite her discomfort with the aforesaid interview question, Plaintiff Hilem accepted employment with the Defendant in the belief that employment presented an excellent professional opportunity.

17.     As the Marketing and Communications Specialist, Plaintiff Hilem reported directly to Mathason and Malone.

18.     Upon the commencement of her employment with Defendant, Plaintiff Hilem immediately began working sixty (60) to eighty (80) hours per week and quickly assumed the role of the "public face" of Defendant.  In connection thereto, Plaintiff Hilem regularly attended events on behalf of Defendant in order to gain new members, authored blog posts, and handled Defendant's social media accounts.

19.     In or about June of 2014, Jon Tekac ("Tekac"), Director of Membership and Community Services, resigned, resulting in a massive undertaking of additional responsibilities by Plaintiff Hilem.

20.     Curiously, Defendant provided Plaintiff Hilem with extremely limited training or guidance relating to her job responsibilities.  By way of example, when Yulia Novozhilova ("Novozhilova"), Marketing Manager, attempted to provide Plaintiff Hilem with suggestions, Defendant demanded that Novozhilova cease, and rather study the "managing practices" of Brandon Boulden ("Boulden"), a less professional male colleague.

21.     In or about late June of 2014, John Haggerty ("Haggerty"), Wood Processes Manager, began subjecting Plaintiff Hilem to a hostile work environment through various instances of uninvited and unwanted sexually-offensive remarks and physical conduct.

22.     By way of example, Haggerty began leering at Plaintiff Hilem's breasts and buttocks in the workplace, specifically, in Defendant's staff office.  As a result of the extreme discomfort caused by Haggerty's conduct, Plaintiff Hilem began avoiding Haggerty, as well as any location in which she could encounter Haggerty alone.

23.     On or about July 23, 2014, Haggerty approached Plaintiff Hilem in the workplace and stroked the back of her neck in a sexually suggestive manner.  Appalled, Plaintiff Hilem pulled away from Haggerty and shook her head "no" in an effort to cause the sexual harassment to cease.

24.     In or about early August of 2014, Plaintiff Hilem scheduled a chair massage therapy session, as said sessions were offered to employees and members of Defendant in Defendant's co-working space.  During Plaintiff Hilem's massage session, Haggerty approached and rubbed an ice cube on the exposed skin of Plaintiff Hilem's back. Plaintiff Hilem demanded that Haggerty immediately cease and desist.

25.     Several days later, Haggerty egregiously rubbed his genitalia against Plaintiff Hilem's buttocks while she was conversing with one of Defendant's members. Plaintiff Hilem struggled to maintain her composure and professionalism while interacting with the said member following the sexual assault.

-6-

26.     Shortly thereafter, Haggerty, in the presence of Plaintiff Hilem, Marcella Baker ("Baker"), Manager of Membership Services, Patrick Friend ("Friend"), Assistant Officer Manager and Bookkeeper, and a prospective female member, made a sexually offensive comment concerning "tag-teaming" a woman, referring to the act of several male individuals engaging in sexual acts with one woman during the same sexual encounter.

27.     Despite Plaintiff Hilem's demand that he cease and desist in discussing such lewd material, Haggerty proceeded to repeat the aforesaid sexually offensive comment a second time.

28.     On or about August 28, 2014, in response to Haggerty's continued sexually offensive remarks and physical contact, Plaintiff Hilem registered a formal complaint of sexual harassment with Mathason and Malone.

29.     Rather than conducting an investigation or otherwise taking corrective action, Mathason and Malone instructed Plaintiff Hilem to handle the situation herself, without their assistance, allegedly for the purpose of empowering her "as a woman." When Plaintiff Hilem informed Mathason and Malone of her discomfort approaching Haggerty alone based on his prior sexual assault, Malone instructed her to meet with Haggerty "in the line of sight of others."

30.     As a result of Defendant's unwillingness to properly investigate her complaint of sexual harassment, Haggerty persisted in preying on Plaintiff Hilem in a sexually-offensive fashion.

31.     In addition to Plaintiff Hilem, Haggerty leered at other female employees, including, but not limited to, Christine Zapata ("Zapata"), Director of Education and Textile Designer.

32.     Following Plaintiff Hilem's complaint of sexual harassment, th Defendant embarked upon a campaign of retaliation directed at Plaintiff Hilem therefor.

33.     By way of example, in or about September of 2014, Plaintiff Hilem's efforts resulted in the attainment of a significant lead relating to a prominent, upper-level executive at a large corporation.  Plaintiff Hilem sent an email to Mathason and Malone detailing her conversation with said individual, with the expectation that Mathason and Malone would be elated.

34.     To the contrary, Malone chastised Plaintiff Hilem for her efforts and prohibited her from continuing conversation with the aforesaid prospective client. Specifically, Malone informed Plaintiff Hilem that her efforts were "outside of the role" for which she was hired, and that he did not trust her judgment.  Curiously, the tasks of gaining new members and creating additional contacts were precisely within the role for which Defendant hired Plaintiff Hilem, as she had previously proven her good judgment in these matters by exponentially increasing Defendant's membership and contacts.

35.     At Malone's demand, Plaintiff Hilem ceased communication with the aforesaid prospective individual, resulting in a loss of business to the Defendant.

36.     In or about October of 2014, Defendant hired Katie O'Loughlin ("O'Loughlin"), Human Resources Manager.  However, O'Loughlin proved to be wholly ineffective in said capacity and rather perpetuated a hostile work environment for Defendant's female employees.

37.     By way of example, O'Loughlin repeatedly mishandled employee complaints.  On one specific occasion, Kaitlyn DeBiasse ("DeBiasse"), Metal Shop Supervisor, complained to O'Louglin that male members of the Defendant were repeatedly asking her to accompany them on romantic dates.  Rather than take corrective action, O'Loughlin informed DeBiasse that it was "not hard to Google her name and find her email address" and, egregiously, that DeBiasse should be "flattered."

38.     By way of further example, in or about November of 2014, Plaintiff Hilem and DeBiasse met with O'Loughlin to report continuing harassment of female employees of Defendant by male members, and requested that corrective action be taken.  However, O'Loughlin dismissed the complaints and refused to conduct an investigation or otherwise cause the discriminatory conduct to cease.  Further, O'Loughlin explicitly stated that the discriminatory conduct described by Plaintiff Hilem and DeBiasse "is not sexual harassment according to law in the Commonwealth of Pennsylvania" and that "sexual harassment is not the same as prejudice," thereby discouraging future complaints.

39.     Dissatisfied with O'Loughlin's response, Plaintiff Hilem and DeBiasse registered a complaint of hostile work environment with Mathason based on Defendant's failure to remedy the ongoing sexual harassment of female employees by male members. However, Mathason simply rolled his eyes and laughed at the aforesaid complaints, likewise failing to take corrective action.  Further, Mathason instructed Plaintiff Hilem and DeBiasse to direct their complaints to O'Loughlin, despite her prior dismissals of the same.

40.     At Mathason's direction, Plaintiff Hilem and DeBiasse met with O'Loughlin to register additional complaints of sexual harassment.  During said meeting, O'Loughlin apprised Plaintiff Hilem and DeBiasse of a mandatory, female only "workshop." O'Loughlin shared an outline of the topics to be covered during said "workshop," including "common myths about women in work and actionable steps to dispel myths," "the role of women in a team," and "analyzing different theories - women should man-up, personal accounts of women who tried assimilating into male culture, and traits that differentiate women from men."

41.     On the same day, Plaintiff Hilem, DeBiasse, and Zapata met with Mathason to protest the aforesaid "workshop" and mandatory female attendance based on its obviously sexist and stereotype ridden agenda.

42.     Shortly thereafter, O'Loughlin sent an email invitation to Defendant's female employees requesting their presence at the aforesaid "workshop." However, said female employees declined to reply to said invitation in protestation of the blatantly sexist "workshop."

43.     In response, Malone sent an email to Defendant's female employees demanding their attendance at the "workshop." Specifically, Malone stated that "because female employees are predominantly the target of problematic behavior [sexual harassment], they are the first line of defense," and that said workshop would "explore the differences between men and women" and "allow for reflection and insight into how to understand and appreciate these differences."

44.     Notwithstanding the protestations of Plaintiff Hilem and DeBiasse, in or about December of 2014, the Defendant held the aforesaid mandatory "workshop," which Plaintiff Hilem refused to attend.

45.     Throughout December of 2014, Plaintiff Hilem and DeBiasse registered several additional complaints of sexual harassment with Mathason, Malone, and O'Loughlin. However, on each occasion, said individuals failed to conduct an investigation or otherwise take corrective action.

46.     Despite enduring a consistently hostile work environment, in or about December of 2014, Plaintiff Hilem organized a holiday party resulting in an extraordinary influx of members. Ultimately, upon information and belief, Plaintiff Hilem's efforts

allowed Defendant to gain a record number of members, gaining the most members in both one (1) week and one (1) month, respectively, in the history of Defendant's business.

47.     Despite Plaintiff Hilem's successes, on or about January 20, 2015, in further retaliation, Defendant issued to Plaintiff Hilem a sixty (60) day performance improvement plan ("PIP"), allegedly based on her "attitude, demeanor, unprofessional language and behavior and insubordination." Specifically, said PIP accused Plaintiff Hilem of making "defamatory statements" about Defendant to coworkers, presumably regarding her discussions with other employees in reference to Defendant's continued failure to remedy the hostile work environment.

48.     Thereafter, as further retaliation, beginning in or about February of 2015, Malone regularly berated Plaintiff Hilem, unjustifiably criticized her work performance, and demanded that she maintain a detailed list of every task completed throughout the work day. Upon information and belief, no other employees of Defendant were subjected to such criticism and micro-management.

49.     On or about February 9, 2015, Plaintiff Hilem reported to Malone that Alex Kaplan ("Kaplan"), Institutional Relations, had asked a female entrepreneur to accompany him on a romantic date during a professional event, resulting in the entrepreneur complaining to Plaintiff Hilem regarding his conduct. However, Malone once again dismissed Plaintiff Hilem's concerns, and, upon information and belief, failed to discipline said employee.

50.     On or about February 12, 2015, in a further act of retaliation, the Defendant terminated Plaintiff Hilem's employment, allegedly because Defendant was "going in a different direction with marketing."

51.     Upon information and belief, following Plaintiff Hilem's termination, the Defendant reassigned her duties to Laate Olukotun ("Olukotun"), a less qualified, less experienced male.

### COUNT I
### (Title VII - Hostile Work Environment, Sexual Harassment, Retaliation)
### Plaintiff Hilem v. the Defendant

52.     Plaintiff Hilem incorporates by reference paragraphs 1 through 51 of this Complaint as though fully set forth at length herein.

53.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Hilem to hostile work environment sexual harassment and retaliation for opposing unlawful sexual harassment in the workplace, ultimately resulting in Plaintiff Hilem's termination, constituted a violation of Title VII.

54.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Hilem sustained permanent and irreparable harm, resulting in her loss of employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

55.    As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Hilem suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
**(PHRA - Hostile Work Environment, Sexual Harassment, Retaliation)**
**Plaintiff Hilem v. the Defendant**

56.    Plaintiff Hilem incorporates by reference paragraphs 1 through 55 of this Complaint as though fully set forth at length herein.

57.    The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Hilem to hostile work environment sexual harassment and retaliation for opposing unlawful sexual harassment in the workplace, ultimately resulting in Plaintiff Hilem's termination, constituted a violation of the PHRA.

58.    As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Hilem sustained permanent and irreparable harm, resulting in her loss of employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

59.    As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Hilem suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

60.    Plaintiff Hilem incorporates by reference paragraphs 1 through 60 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Hilem requests that this Court enter judgment in her favor against the Defendant and Order that:

a.    Defendant compensate Plaintiff Hilem for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b.    Defendant compensate Plaintiff Hilem with an award of front pay, if appropriate;

c.    Defendant pay to Plaintiff Hilem punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.    Defendant pay to Plaintiff Hilem pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.    The Court award such other relief as is deemed just and proper.

-15-

## JURY DEMAND

Plaintiff Hilem demands a trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

**/s/Sidney L. Gold, Esquire**

SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
TRACI M. GREENBERG, ESQUIRE
I.D. NO: 86396
1835 Market Street, Ste. 515
Philadelphia, PA 19103
215.569.1999
sgold@discrimlaw.net
tgreenberg@discrimlaw.net
Attorney for Plaintiff

DATED: November 15, 2016

## VERIFICATION

I hereby verify that the statements contained in the attached Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 11.14.16

ANGELA HILEM, PLAINTIFF